**95-6455/Williamson v. Cody**
**Filed 8/15/96**


**The attachment is not available electronically.**

———————————————

EARNEST WILLIAMSON, Jr.,

    Petitioner-Appellant,

v.

R. MICHAEL CODY; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

    Respondents-Appellees.

No. 95-6455
(D.C. No. CIV-95-575-L)
(W.D. Okla.)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

———————————————

   [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Earnest Williamson, Jr., an Oklahoma state prisoner proceeding *pro se*, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We grant a certificate of appealability, grant Mr. Williamson leave to proceed *in forma pauperis*, and affirm the judgment of the district court.

Mr. Williamson pled guilty to one count of grand larceny in January 1977 in the Oklahoma District Court for Stephens County and has since completed his sentence. He did not directly appeal his conviction to the Oklahoma Court of Criminal Appeals. He was later convicted of one count of second degree murder and his prior conviction for grand larceny was used to enhance his sentence. After he suffered this second conviction, Mr. Williamson filed a motion for post-conviction relief in the Oklahoma District Court for Stephens County, seeking to have his 1977 conviction expunged. The Oklahoma District Court denied relief and the Oklahoma Court of Criminal Appeals affirmed on the ground Mr. Williamson was procedurally barred under Oklahoma law from raising his contentions in a post-conviction proceeding, both because he failed to raise them on direct appeal and because he waived them by pleading guilty.

Mr. Williamson then brought the instant habeas corpus petition in federal court, asserting the same claims he raised in his petition for post-conviction relief

in state court, namely, (1) the state trial court that entered his 1977 conviction and sentence erred when it determined he was not indigent and therefore did not require court appointed counsel; and (2) the district attorney essentially acted as his counsel during the guilty plea proceedings. A magistrate judge recommended the petition be dismissed on the ground it was procedurally barred from review on the merits in federal court, because the Oklahoma Court of Criminal Appeals rejected Mr. Williamson's claims on the basis of adequate and independent state grounds and he failed to show cause and prejudice or that a miscarriage of justice would result absent review on the merits in federal court. Specifically, with respect to cause and prejudice, the magistrate judge noted Mr. Williamson had intentionally waived his right to appeal so that two of the three years of his sentence would be suspended. The district court overruled Mr. Williamson's objections to the magistrate judge's report and recommendation and dismissed the petition with prejudice.

Mr. Williamson now challenges the magistrate judge's and the district court's conclusions his claims are procedurally barred from review in federal court. We have reviewed the magistrate judge's report and recommendation, and we find no fault with its conclusion Mr. Williamson's claims are procedurally

barred.  A copy of the report and recommendation is attached to this order and judgment.

**AFFIRMED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge